**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **SHYRLEY DAVILA,** | No. 07-73785 |
| Petitioner, | Agency No. A076-854-019 |
| v. | |
| **ERIC H. HOLDER, Jr., Attorney General**, | **MEMORANDUM**[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 15, 2011
San Francisco, California

Before: **KOZINSKI**, Chief Judge, **BEA**, Circuit Judge, and **GETTLEMAN**, District Judge.[**]

**1.** Regardless of whether the BIA or IJ directly considered whether the harm

Davila fears is on account of her family membership, she is unable to show that her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Robert W. Gettleman, Senior District Judge for the U.S. District Court for Northern Illinois, sitting by designation.

family's "persecutors actually imputed a political opinion" to her family. <u>Ochoa</u> v. <u>Gonzales</u>, 406 F.3d 1166, 1171 (9th Cir. 2005) (quoting <u>Sangha</u> v. <u>INS</u>, 103 F.3d 1482, 1489 (9th Cir. 1997)). Davila failed to demonstrate what political views the alleged persecutors attributed to her family, and any inference of political motivation that might be drawn from the unexplained killings of her family members doesn't qualify as "clearly to be drawn from facts in evidence." <u>Id.</u> (quoting <u>Sangha</u>, 103 F.3d at 1487).

**2.** The BIA and IJ didn't fail to consider Davila's experience as a child in rejecting her claim to past persecution or a well-founded fear of future persecution. Davila left Guatemala at age nine and testified, "I hardly have any memories of living over there." The stories she's heard from friends and relatives about dangers in Guatemala fall short of the horrific events experienced firsthand by the asylum applicants in <u>Hernandez-Ortiz</u> v. <u>Gonzales</u>, 496 F.3d 1042 (9th Cir. 2007).

**3.** Davila's claim to derivative standing to pursue her mother's asylum claim doesn't suffer from a failure to exhaust. Davila's June 7, 2007, letter to the BIA raised the key issue as it then stood: whether Davila, as a derivative asylum applicant, could pursue her mother's asylum claim. When the government responded with a motion for summary dismissal, Davila wasn't obliged to respond,

as she'd already raised the derivative standing issue. And once the BIA granted the government's dismissal motion, Davila had no opportunity to present her derivative standing argument as a continuing derivative asylum claim despite the fact that her mother had received a different form of relief.

The BIA thus never addressed Davila's derivative standing claim. We remand for it to do so.

**PETITION DENIED IN PART; PETITION GRANTED IN PART AND REMANDED.**